UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHEFFIELD GROVES,

        Petitioner,

v.                                                      Case No. 11-C-175

MICHAEL THURMER,

        Respondent.

## ORDER OF DISMISSAL

Sheffield Groves, Sr. filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted of first degree intentional homicide, as a party to the crime, and was sentenced to two terms of life imprisonment.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

The petition raises three claims. First, Petitioner asserts that the verdict was "insufficient" because the jury failed to convict him on a firearms charge, which he claims was also an element

of his intentional homicide charge. Second, and relatedly, he argues that the circuit court erred when it failed to instruct the jury that use of a dangerous weapon was an element of his homicide charge. Finally, he claims ineffective assistance of counsel for counsel's failure to object to the erroneous jury instructions.

The essence of Petitioner's claims arises from the perceived inconsistency in the verdict. Petitioner was charged with intentional homicide as well as use of a dangerous weapon and being a felon in possession of a firearm. The victims in this case were shot with a gun, which by any account qualifies as a "dangerous weapon." The jury, however, acquitted Petitioner on the gun charges. Since the only homicides at issue were gunshot victims, Petitioner believes the jury's verdict is inconsistent: how could someone be guilty of homicide if the jury found that he was *not* guilty of possessing or discharging the murder weapon?

What Petitioner fails to appreciate, however, is that he was charged and convicted of first degree intentional homicide *as a party to the crime* under Wis. Stat. § 939.05(1). That section provides: "Whoever is concerned in the commission of a crime is a principal and may be charged with and convicted of the commission of the crime although the person did not directly commit it and although the person who directly committed it has not been convicted or has been convicted of some other degree of the crime or of some other crime based on the same act." The jury apparently found sufficient evidence to conclude that Petitioner was "concerned in the commission" of the homicides, even if it was not convinced beyond a reasonable doubt that he was the one who pulled the trigger. It is clear from the decision of the Wisconsin Court of Appeals affirming Petitioner's conviction that others were present at the scene. *See State v. Groves*, No. 2008AP2745-CR, 2009 WI App 141, ¶8, 2009 WL 2366440, * 2 (Aug. 4, 2009) (unpublished disposition). Thus, the jury's

2

verdict is not inconsistent simply because they did not find Petitioner guilty of possessing and using a firearm in committing the homicides.

Even if the verdict was inconsistent, it would not make a difference. As the court of appeals recognized, we cannot read too much into a jury's verdict. "It has been universally held that logical consistency in the verdict as between the several counts in a criminal information is not required. The verdict will be upheld despite the fact that the counts of which the defendant was convicted cannot be logically reconciled with the counts of which the defendant was acquitted." *State v. Groves,* 2009 WI App 141, 321 Wis. 2d 478, 774 N.W.2d 476 (Wis. Ct. App. 2009) (quoting *State v. Thomas,* 2004 WI App 115, ¶ 41, 274 Wis. 2d 513, 683 N.W.2d 497 (Wis. Ct. App. 2004)). The reason for this is that "there is no way of knowing whether the inconsistency was the result of leniency, mistake, or compromise." *State v. Thomas,* 161 Wis.2d 616, 631, 468 N.W.2d 729 (Wis. Ct. App. 1991). The United States Supreme Court has also recognized that logically inconsistent verdicts do not require reversal. "[W]here truly inconsistent verdicts have been reached, '[t]he most that can be said . . . is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt.'" *United States v. Powell,* 469 U.S. 57, 64-65 (1984) (quoting *Dunn v. United States,* 284 U.S. 390, 393 (1932)). Accordingly, I cannot conclude that the state courts erred in rejecting Petitioner's argument based on verdict inconsistency.

Petitioner also argues that the trial judge erred in failing to instruct the jury that use of a dangerous weapon was an element of his homicide charge. But use of a dangerous weapon is not an element of the crime of first degree intentional homicide. *See* Wis. Stat. § 940.01. Use of a dangerous weapon while committing a crime, if proven beyond a reasonable doubt, is a fact that can

enhance the penalty for the underlying crime under Wisconsin law. *See* Wis. Stat. 939.63. It therefore must be submitted separately to the jury as it was here. But jury deliberations are not all or nothing exercises: a jury can find a defendant guilty of some charges and not guilty of other charges; it can find that some penalty enhancers apply and some do not. As the court of appeals found, "the fact finder may determine separately whether the defendant committed only the underlying crime or committed the greater crime with the added element." *State v. Groves,* 2009 WI App 141, ¶ 16. And of course this is a matter of state procedural law rather than federal constitutional law. Accordingly, even if for some reason I disagreed with the state courts' handling of the issue, I could not conclude that the state courts unreasonably applied or contravened any controlling federal law, as established by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d).

**THEREFORE, IT IS ORDERED** that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases. I further certify that there has been no showing of a constitutional violation, and reasonable jurists could not debate the outcome here. Accordingly, a certificate of appealability is **DENIED**.

Dated this   14th   day of March, 2011.

      s/ William C. Griesbach
      William C. Griesbach
      United States District Judge